## ATKINS & a. *vs.* HUNT & a.

The defendants signed articles of association in trade, under the name of "The Farmer's and Mechanic's Store," by which it was provided that any stockholder might withdraw upon giving six months notice, and that the business of the company should be done pursuant to a major vote of those present. The defendants subscribed a certain sum, and a by-law provided that each subscriber should become a partner.—*Held,* that the defendants were partners in the company.

ASSUMPSIT on three promissory notes, all dated in the year 1840, and payable to the plaintiffs, or order, and signed "Farmer's and Mechanic's Company, by Greenleaf Cummings, Agent."

There were numerous defendants, all of whom were defaulted except two, who severally pleaded the general issue. It was proved that in the month of August, 1839, the defendants signed written articles of association in trade, under the name and style of "The Farmers' and Mechanics' Store." One of the articles provided as follows : " If any stockholder wishes to withdraw from the concern, he may do so, taking the amount by him paid in, by giving six months notice of his intent, to the executive committee in writing." It was also provided by the second by-law that each subscriber should become a partner, and the defendant was a subscriber of a certain sum ; and article 12 provided that all matters relating to the business of the company should be decided by a major vote of those present at any meeting duly notified, except in relation to certain specified acts.

It was proved that Greenleaf Cummings, who signed the notes, was duly employed from the first of February, 1840, to the first of July, 1841, and acted as agent of the company, provided it shall appear from this case that the company continued its legal existence, and that the notes in suit were given in pursuance of his agency, for goods purchased to be used in the business of the company.

A verdict was taken for the plaintiffs, upon which judgment is to be rendered, or it is to be set aside and judgment rendered for the defendants, according to the opinion of the court upon this case.

*Livermore*, for the defendants. The signature of the paper did not make the signers copartners. There was only a proposal to make a partnership. The thing was only inchoate, and they might have withdrawn at any time. They must have paid in a sum of money, in order to be affected by the profit and loss, and until this should be done they could not vote. The mere signature of a proposal to constitute a partnership would not compel the signers to become partners. They did not hold themselves out so as to be treated by the world as partners. Their names were not published as members, nor did they do any thing of the character necessary to charge them before the world. A retiring partner is not liable for future debts to those who had no dealings with the firm before he retired. *Story on Part.* 246.

*Morrison*, for the plaintiffs. By the first article the parties agreed to become partners, and by the second article they agreed to pay the sums affixed to their names. The first article makes them partners, and the second is only a regulation among themselves. The second by-law provides that each subscriber shall become a partner. A subsequent refusal to pay what they have subscribed, surely cannot exonerate them from their liability.

GILCHRIST, J. The question before the court is, whether the defendants are liable as partners of the Farmers' and Mechanics' Company. The plaintiffs allege that they are thus liable, because it appears that they subscribed certain articles constituting that company ; that provision was made for the withdrawal of persons from it ; that the business of the company was to be managed according to the vote of

those present, and that the second by-law provides that each subscriber shall become a partner.  These facts it is said render them liable to the world as partners for the performance of the contracts made by their agent, and constitute them actually partners among themselves.

It is said, on the other hand, that what was done amounted merely to a proposition to form a partnership; that no money was paid in, so as to cause them to be affected by any eventual profit and loss ; that no names were published to the world, as those of the partners ; that the defendants might have withdrawn at any time, and that consequently they could not be bound by the acts of the agent of the company.  The question raised by the case is, whether the defendants were actually members of a partnership.

There is of course an essential difference between a mere proposition to form a partnership, and its actual constitution. Persons may take a deep interest in the objects to be accomplished by the company ; may make donations to aid its progress ; or may sign their names to subscription papers for the same end, without being liable for debts which other persons may contract in the prosecution of the same purpose.  But a difficult question often arises, as to where the proposition to make the contract ends, and the contract itself begins.  In *Bourne* vs. *Freeth*, 9 *B. & C.* 632, a prospectus was issued, stating the conditions upon which the company was formed ; that the concern was to be divided into twenty shares, to be under the management of a committee, and ten per cent. of the subscriptions to be paid in by a certain date.  It was held that this prospectus imported only that a company was to be formed, and not that it was actually formed, and that the signature to the prospectus did not indicate to any person who should read it that the signer had become a member of a company already formed.  So in a case where all the acts proved and relied on were equally consistent with the supposition of an intention on the part of the defendant to become a partner in a trade or business

to be afterwards carried on, provided certain things were done, as with that of an existing partnership, it was held that he was not a partner. *Dickinson* vs. *Valpy*, 10 *B. & C.* 128, *per Parke, J.* And where a prospectus for a company was issued, to be conducted pursuant to the terms of a deed to be drawn up, it was held that an application for shares, and payment of the first deposit, did not constitute one a partner who had not otherwise interfered in the concern. *Fox* vs. *Clifton*, 6 *Bingh.* 776. It was an important element in that decision, that the deed was not executed by the defendant who was sought to be charged as a partner. In *Howell* vs. *Brodie*, 6 *Bingh. N. C.* 44, the defendant, from 1829 until 1833 advanced various sums, with a view to a partnership in a market about to be erected ; knew that the money was applied towards the erection, and was consulted in every stage. In October, 1833, it was settled by a written agreement that he should have a seventh share of it ; but it was held that he was not liable as a partner until October, 1833, although profits had been made but not accounted for to him before that time. Lord C. J. *Tindal* mentions the fact that no account of profits was rendered previous to October, 1833, as being in favor of the defendant.

These cases sufficiently illustrate and authorize the general position taken by the defendants, that a mere agreement to constitute a partnership *in futuro* does not make the contracting parties liable as partners. A partnership is a contract, imposing certain liabilities upon its members. Whether parties have agreed that they will at some future time enter into such a contract, is a very different question from the one whether they have actually entered into the contract. But we are not called upon to make a critical examination of the numerous cases on the subject of partnership which fall within one or the other of these categories, further than to recognize their division into the two classes referred to. Our opinion is that the defendants are clearly liable as partners,

for the acts of Cummings. There was an association doing business under a certain name. The defendants signed the articles which constituted this association, the defendants were subscribers, and a by-law provided that each subscriber should become a partner. The business of the company was to be done in pursuance of a major vote of those present, and an agent was appointed, who purchased goods for the use of the company. Here, then, there was not simply an agreement that a partnership should be formed at some future day, but an actual existing reality, a subscription to articles, making a present association, and a by-law designating the subscribers as partners. A right to participate in the profits of a joint concern is one of the tests of a partnership, where a party has fulfilled all the conditions incumbent on him to perform. 6 *Bingh.* 776, *Fox* vs. *Clifton ; S. C.*, 9 *Bingh.* 115, *per Tindal, C. J.* The defendants do not appear to have failed in this regard, and upon this case they would certainly be entitled to a share in the profits of the business. It is not necessary that persons should hold themselves out to the world as partners, in order to become liable in that capacity. That is only one mode of charging them, and when that is done it dispenses with the necessity of proving that they actually signed the articles of partnership. In this case, as the defendants were partners in fact, the opinion of the court is that there should be

*Judgment on the verdict.*